**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

OCI CHEMICAL CORPORATION,              )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        CIVIL ACTION NO.
                                        )        _____
AON CORPORATION,                        )
                                        )        CV-04-B-0729-NE
        Defendant.                      )
                                        )

## NOTICE OF REMOVAL

Defendants, Aon Risk Services of Connecticut, Inc. ("Aon-Connecticut"), Aon Risk Services of Texas, Inc. ("Aon-Texas") and Aon Corporation, pursuant to 28 U.S.C. §§ 1332, and 1441, file this Notice of Removal of the foregoing cause to the United States District Court for the Northern District of Alabama, Northeastern Division. As grounds for this removal, Aon-Connecticut, Aon-Texas and Aon Corporation show the Court as follows:

1. The plaintiff instituted this action against Aon Corporation on November 14, 2003, by filing a complaint in the Circuit Court of Morgan County, Alabama CV-03-919. Aon Corporation was served with the summons and complaint by mail on November 25, 2003. A copy of this complaint filed in the state court along with all of the other papers filed to date are attached hereto as Exhibit A, as required by 29 U.S.C. §1446(a).

2. The plaintiff obtained a default judgment against Aon Corporation, which was subsequently set aside by the Circuit Court of Morgan County. Aon Corporation filed a Motion to Dismiss based on lack of personal jurisdiction in Alabama on January 30, 2004.

3.   On March 11, 2004, the plaintiff filed its First Amended Complaint which added Aon-Connecticut and Aon-Texas as defendants.

4.   Both Aon-Connecticut and Aon-Texas were served with the summons and amended complaint on March 15, 2004.  By filing this notice on April 9, 2004, defendants have met the 30-day deadline established by 28 U.S.C. §1446(b).

5.   After filing this Notice of Removal, Defendants will promptly serve written notice of the removal to Plaintiff, and will file a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court, Morgan County, Alabama as required by 28 U.S.C. §1446(a).

6.   This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. §1332.  This state court action is one that is subject to removal pursuant to 28 U.S.C. §1441 in that complete diversity of citizenship exists as to all properly joined parties and the amount in controversy exceeds $75,000.

<u>There Is Complete Diversity Of Citizenship Between</u>

<u>Plaintiff And The Properly Joined Defendants</u>

7.   Plaintiff is a Delaware corporation with its principal place of business in the State of Alabama.  First Amended Complaint at ¶4.

8.   Defendant, Aon-Connecticut is now, and was at the time of the filing of the Complaint and First Amended Complaint, a Connecticut corporation with its principal place of business in the State of Illinois.

2

9.  Defendant, Aon-Texas is now, and was at the time of the filing of the Complaint and First Amended Complaint, a Texas corporation with its principal place of business in the State of Illinois.

10. Defendant Aon Corporation is now, and was at the time of the filing of the Complaint and First Amended Complaint, a Delaware corporation with its principal place of business in the State of Illinois. Although both Plaintiff and Aon Corporation are Delaware corporations, there is no possibility that the plaintiff can establish any cause of action against Aon Corporation. Consequently, the joinder in this action of Aon Corporation is a fraudulent joinder of a non-diverse party and does not prevent the removal of this action to this Court. [1]

11. For purposes of removal, 28 U.S.C. § 1441(a) provides that the citizenships of fictitious party defendants are to be disregarded. See 28. U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

12. A defendant has been fraudulently joined if there is no possibility that the plaintiff can prove any cause of action against the non-diverse defendant. Cabalceta v. Standard Fruit Co., 883 F. 2d 1553, 1561 (11th Cir. 1989) (citing Insinga v. LaBella, 845 F. 2d 249, 254 (11th Cir. 1988)). This determination should be made on the basis of the plaintiff's pleadings at the time of removal. Cabalceta, 883 F. 2d at 1561. Where the face of the complaint at the time of removal fails to state claims against the non-diverse defendant, joinder of the non-diverse defendant is fraudulent and this Court can ignore the presence of that defendant for purposes of determining whether diversity jurisdiction exists. Parks v. New York Times Co., 308 F.2d 474,

---

[1] While Aon Corporation was served more than thirty days ago, this case did not become removeable until the non-diverse defendants were added and served with the First Amended Complaint. As such, this Notice of Removal is timely since it was filed within thirty days of the case becoming removeable.

478 (5th Cir. 1962) (joinder is fraudulent if "there is no real intention to get a joint judgment,

and. . . there is no colorable ground for so claiming"); Tedder v. F.M.C. Corp., 590 F.2d 115,

117 (5th Cir. 1979) ("if there is no arguably reasonable basis for predicting that state law might

impose liability on the resident defendant under the facts alleged, then the claim is fraudulent and

lack of diversity will not prevent removal".) (citations omitted). Furthermore, in deciding

whether a non-diverse party has been fraudulently joined, the Court may look outside the

complaint. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347, 349 (1939); Cabalceta, 883

F.2d at 1561; Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Tedder v. F.M.C.

Corp., 590 F.2d 115, 116 (5th Cir. 1979); Monroe v. Consolidated Freightways, Inc., 654 F.

Supp. 661, 663 (E.D.Mo. 1987).

13. In this case, the plaintiff asserts claims of breach of contract, professional negligence,

negligence or wanton sale of an insurance policy, and fraudulent suppression of material facts

arising out of the defendants' purported failure to properly assist the plaintiff in obtaining proper

insurance coverage. Although the plaintiff appears to assert these claims against Aon

Corporation, Aon-Connecticut, and Aon-Texas, there is no possibility that the plaintiff can state

such claims against Aon Corporation.

14. Aon Corporation cannot be held liable for the acts of Aon-Connecticut or Aon-Texas

because Aon Corporation is merely a holding company, it has no employees, and it played

absolutely no role in the transactions underlying the complaint. Exhibit B. The Alabama

Supreme Court has held "that a parent corporation which owns all of the stock of a subsidiary

corporation is not liable for the acts of its subsidiary corporation, unless the parent corporation so

controls the operation of the subsidiary corporation as to make it a mere adjunct, instrumentality,

or alter ego of the parent corporation." Environmental Waste Control, Inc. v. Browning-Ferris

Indus., Inc., 711 So. 2d 912, 914 (Ala. 1997) (citing Baker v. Hospital Corp. of Am., 432 So. 2d 1281 (Ala. 1983). To the extent the plaintiff has any claims based on the facts of the complaint, those claims are against the party with which it had an agreement, Aon-Connecticut, a subsidiary and separate corporation from Aon Corporation. Exhibit B. Aon Corporation did not serve as the plaintiffs' insurance broker, nor did it play any role in the events and circumstances underlying this litigation. Exhibit B. Given that Aon Corporation is a holding company that had no involvement in the circumstances underlying this lawsuit, there is no possibility that the plaintiff can state a claim against Aon Corporation.

15. Aon Corporation was also fraudulently joined because it is not subject to personal jurisdiction in Alabama. A defendant is fraudulently joined when the court lacks personal jurisdiction over that defendant. See e.g., Villar v. Crowley Mar. Corp., 780 F. Supp. 1467 (S.D. Tex. 1992); Nolan v. Boeing Co., 736 F. Supp. 120 (E.D. La. 1990). Aon Corporation, a Delaware corporation, has not purposefully directed any contact or action toward Alabama upon which this lawsuit is based. Exhibit B. Aon Corporation has not transacted business in Alabama, nor has it ever been qualified to do business in Alabama. Exhibit B. It has not contracted to supply services in Alabama and is not registered to do business here. Exhibit B. Aon Corporation does not have any interest in, use of, or possession of real property in Alabama. Exhibit B. Aon Corporation has no place of business, no employees, no offices, no plants, no suppliers, no distributors, no mailing address, no telephone number and no bank accounts here. Exhibit B. In fact, Aon Corporation is merely a holding company that had no involvement whatsoever with the matters asserted in the complaint. Exhibit B. Aon Corporation did not write insurance coverage for the plaintiff, nor did it write other coverage in Alabama. Exhibit B. In short, Aon Corporation did not do or fail to do anything within Alabama or with respect to the

5

plaintiff which gives rise to the claims now asserted against it.

The Amount in Controversy Exceeds $75,000

16. Because Aon Corporation was fraudulently joined in this action, there is complete diversity in this case among the proper parties. Accordingly, the Court only has to determine whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff claims rail shipments of sodium percarbonate ruptured on four separate dates in 2002. First Amended Complaint ¶14. Plaintiff claims its marine cargo insurer denied coverage for these losses. First Amended Complaint ¶ 18 and 20. Upon information and belief, the Proof of Loss plaintiff filed for these losses exceeded $75,000. Further, the plaintiff has already informed the Circuit Court of Morgan County that its damages exceed $1,000,000. Plaintiff's Motion for Default Judgment p. 2. Based on this representation alone, the amount in controversy exceeds the $75,000 threshold.

17. Additionally, the plaintiff's complaint seeks both compensatory and punitive damages. A potential award of punitive damages against a defendant is included in determining the amount in controversy if such punitive damages are recoverable under governing law. Bell v. Preferred Life Assurance Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943); Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). Because Alabama juries routinely award punitive damages in insurance cases in amounts exceeding $75,000, the amount in controversy in this case unquestionably exceeds $75,000. See, e.g., Liberty Nat'l Life Ins. Co. v. McAllister, 675 So. 2d 1292 (Ala. 1995) (reporting judgment entered on a jury verdict awarding $1,000 in compensatory damages and $1 million in punitive damages for fraud in connection with the exchange of an insurance policy); Youngblood v. Lawyers Title Ins. Corp.,

6

923 F.2d 161 (11th Cir. 1991) (reporting Northern District of Alabama judgment in jury verdict in breach of contract and fraud action awarding $50,000 compensatory damages and $500,000 punitive damages in an action against a title insurer; trial court concluded that damages for fraud and bad faith were limited to punitive damages).

18. Defendants have satisfied the requirements of 28 U.S.C. § 1332, 1441 and 1446 for removal of this case to the District Court.

19. The United States District Court for the Northern District of Alabama, Northeastern Division, is the district and division within which the state court action is pending.

WHEREFORE, defendants Aon Risk Services of Connecticut, Inc., Aon Risk Services of Texas, Inc. and Aon Corporation, pray that this Court will consider this notice conditioned as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal of this cause from said Circuit Court of Morgan County, Alabama, to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

This 9th day of April, 2004.

_____
One of the Attorneys for Defendants

7

OF COUNSEL:
John M. Johnson
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of April, 2004, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Brian Austin Oakes, Esq.
White & Oakes, P.C.
P. O. Box 2538
Decatur, AL 35602

Samuel Hill, Esq.
Gardner, Middlebrooks, et al.
McAdory Building, Suite 400
2013 First Avenue North
Birmingham, AL 35203

David J. Farber, Esq.
Shannon W. Conway, Esq.
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC 20037

_____
Of Counsel

8



COPY

## IN THE CIRCUIT COURT FOR MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| OCI Chemical Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV-03-989 |
| | ) | |
| AON Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:      AON Risk Services, Inc. of **Texas**
CSC LAWYERS INCORPORATING SVC. INC
150 S PERRY ST
MONTGOMERY, AL  36104

### NOTICE TO DEFENDANT

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Brian Austin Oakes at **White & Oakes, P.C.**, the attorney for the Plaintiff, whose address is 601 Johnston Street, P. O. Box 2538, Decatur, Alabama 35602.

**THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____
CLERK OF COURT

DATED_____

**IN THE CIRCUIT COURT FOR MORGAN COUNTY, ALABAMA**

|  |  |  |
|---|---|---|
| OCI Chemical Corporation, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Civil Action No. CV-03-989 |
| | ) | |
| AON Corporation, | ) | |
| | ) | |
|     Defendant | ) | |

## FIRST AMENDED COMPLAINT

The Plaintiff, OCI Chemical Corporation  ("OCI") files this First Amended Complaint by adding the following additional parties: AON Risk Services, Inc. of Connecticut ("ARS Connecticut"), and AON Risk Services of Texas, Inc. ("ARS Texas") and Fictitious Parties A, B, C, D, & E.

OCI, further amends the original complaint by amending the caption to reflect the addition of the above named parties as follows:

**IN THE CIRCUIT COURT FOR MORGAN COUNTY, ALABAMA**

|  |  |  |
|---|---|---|
| OCI Chemical Corporation, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Civil Action No. CV-03-989 |
| | ) | |
| AON Corporation, | ) | |
| AON Risk Services, Inc. of Connecticut, | ) | |
| AON Risk Services of Texas, Inc., and | ) | |
| OTHER LEGAL ENTITIES | ) | |
| DESIGNATED HEREIN AS | ) | |
| FICTITIOUS PARTIES A, B, | ) | |
| C, D, & E, | ) | |
| | ) | |
|     Defendants | ) | |

Having amended the caption to reflect the addition of parties, OCI states its amended complaint as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction over the claims stated herein pursuant to Section 12-11-30 of the Code of Alabama 1975 in that this is a civil action in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs.

2.      This Court has personal jurisdiction over the Defendants in that Defendants perform significant services and business in Morgan County, Alabama and derive substantial revenue and income in this state.

3.      Venue is proper in this Court pursuant to Section 6-3-7 of the Code of Alabama 1975 in that Plaintiff's manufacturing plant in this state is located in, and a substantial part of the events and omissions giving rise to the claim occurred in, Morgan County, Alabama.

## The Parties

4.      The Plaintiff, OCI, a wholly-owned subsidiary of OCI Enterprises, Inc., is a manufacturer of certain chemicals, organized in the State of Delaware and qualified to conduct business in Alabama at its manufacturing plant located at 1455 Redhat Road, Decatur, Alabama. OCI is a citizen of the State of Alabama.

5.      Defendant AON Corporation is a broker involved with insurance, risk management, human capital consulting, and insurance underwriting, which is organized in the State of Delaware and with its principal place of business in Chicago, Illinois.   AON Corporation identifies and analyzes optimal risk treatments to minimize losses to its clients.   AON Corporation conducts substantial business in the State of Alabama.

2

6.      Defendants ARS Connecticut and ARS Texas are subsidiaries of AON Corporation which make up part of the retail brokering and risk management services arm of AON Corporation.  ARS Connecticut is organized in the State of Connecticut, and ARS Texas is organized in the State of Texas.  Both subsidiaries maintain their principal places of business at the same location as AON Corporation in Chicago, Illinois.  Each of ARS Connecticut and ARS Texas is authorized and registered to transact business in the State of Alabama.

7.      Defendants A, B, C, D and E are those individuals, corporations, or entities who contracted with OCI to analyze, assess, and improve OCI's insurance portfolio. Defendants A, B, C, D and E held themselves out to OCI as experts in the business of risk assessment and had a duty to asses OCI's insurance needs, review necessary information to determine weakness in OCI's portfolio, recommend additional or different insurance to reduce OCI's exposure to risks associated with OCI's business operations and to effectuate the exchange of necessary information and documentation between OCI and any insurer so as to procure the proper insurance and thereby reduce OCI's risk of loss.

**Facts Common to All Counts**

8.      Prior to May 3, 2002, OCI retained the services of Defendants to take over, analyze, audit and improve their portfolio of insurance coverages.  Defendants replaced OCI's previous insurance broker, Willis Corroon.

9.      Defendants' Risk Management arm includes Risk Consulting, Risk Mitigation, Risk Transfer and Alternative Risk Financing which, according to Defendants, involve the identification and analysis of a company's exposure to accidental loss, recommendations

3

for optimal risk treatment, the implementation of programs and processes to minimize the impact and costs of risks, the designing of a strategic portfolio of risk protection and the designing of solutions to achieve a company's business goals, the purchase of insurance to cover its clients' risks, and the exchange and facilitation of the flow of information between its clients and their insurers.

10.     Prior to May 3, 2002, OCI retained the expert professional services of Defendants to perform all of the services described above including but not limited to a review of insurance coverages as they apply to the business of OCI and its affiliates.

11.     In retaining Defendants, OCI relied on the representation of Defendants that it had the necessary expertise and skill to review OCI's coverage portfolio and, where appropriate, add to and/or revise those coverages, to facilitate the necessary flow of information between OCI and its insurers, and to fully inform OCI of details of such coverages.

12.     At the time Defendants became OCI's risk management expert consultant, there was in force and effect a Marine Cargo policy of insurance (the "insurance policy") which provided coverage for losses suffered by OCI as a result of the loading, transportation, shipment and unloading of its products.

13.     At all times material OCI was and continues to be in the business of producing, refining, and selling chemical products, including a product known as sodium percarbonate which was sold to customers including Proctor & Gamble and, as was well known to Defendants, was shipped via rail.

14.     On May 3, 5, 6 and June 1, 2002, rail shipments of sodium percarbonate ruptured and/or become so reactive as to be considered in the process of rupturing in Brockville, Ontario, Salt Lake City, Utah, Pineville, Louisiana, and Decatur, Alabama.

4

15.     As a direct result of the rail car ruptures as described above, OCI sustained losses to its product, during shipment in that the product was either destroyed by the ruptures or was dumped from the rail cars to prevent future rupture.

16.     On May 8, 2002, Defendants, on behalf of OCI, notified the Marine Cargo carrier of the loss.

17.     On or about October 3, 2002, OCI through Defendants submitted a Proof of Loss to the Marine Cargo insurer.

18.     On or about December 18, 2002, the Marine Cargo carrier corresponded with Defendants concerning the OCI cargo loss and set forth what it understood were the underwriting intentions of the procurement of this particular insurance coverage.  The Marine Cargo carrier informed Defendants that coverage was denied as no coverage was available for 'Inland Transit' losses, notwithstanding the fact that the wording in the policy concerning coverage states in pertinent part, "Including Inland Transits and sending to F.P.O.B. vessel and/or aircraft."

19.     On or about January 13, 2003, Defendants through Defendants' Marine Division in London, again demanded payment under the policy on behalf of OCI, setting forth its disagreement with the Marine Cargo carrier's views concerning coverage for Inland Transits and stating, "We therefore do not consider that the position taken by (the Marine Cargo insurer) in this respect is correct and would respectfully suggest that you reconsider your position on this matter and proceed with settlement of our client's claim accordingly."

20.      On or about January 23, 2003, the Marine Cargo carrier again denied coverage and advised Defendants that when they reviewed the policy with Defendants as the broker(s),

5

there were discussions concerning carrying forward the previous year's contracts and further stated, "We agree that it is not uncommon for Marine Programmes to act as primary inland transit cover, *however, it is the duty of the broker to ensure the Underwriters are made fully aware of these material facts,"* (emphasis added).  The January 23, 2003 correspondence went on to point out that the insurer was never made aware of the intention that this policy cover Inland Transits and that the Declarations Clause, notwithstanding the foregoing caveat, would have required that OCI declare Inland Transit shipments which it expected to come within the terms of the policy.

21.  Finally, on or about April 11, 2003, counsel for OCI specifically requested that Defendants, "Please examine your files and advise me when and how AON (Defendants) informed OCI of the policy requirements as to the Declaration of Transits..."

22.  To date, Defendants have not responded to the inquiry set forth in paragraph 19 above.

23.  At no time relevant hereto did Defendants or any representative, agent or employee of Defendants, in their capacity as expert risk management consultants to OCI ever advise OCI that (a) the marine cargo policy did not cover inland transit shipments, notwithstanding policy language that they are indeed covered and (b) in order for coverage to be perfected on a particular shipment, a loss must be preceded by a Declaration of the details of the inland transit shipment for which coverage is sought.

### Count I
### (Breach of Contract)

24.  Each preceding paragraph is incorporated by reference as if fully restated herein.

25.  OCI and Defendants AON, ARS Connecticut, ARS Texas, and Defendants A, B, C, D and E had a contract whereby Defendants agreed to provide expert risk management services as described above.

6

26.   Defendants breached the contract with OCI by failing to provide the required coverage and/or to properly advise the insured concerning steps and/or conditions precedent to effect such coverage.

27.   As a direct and proximate result of the Defendants' breach of contract, the Plaintiff has been damaged due to the Marine Cargo carrier's denial of coverage for the reasons discussed above.

WHEREFORE: the Plaintiff demands judgment in its favor and against Defendants AON Corporation, ARS Connecticut, ARS Texas and Defendants A, B, C, D, and E for damages in an amount to be proven at trial, plus interest, attorneys fees and costs.

## Count II
## (Professional Negligence)

28.   Each proceeding paragraph is incorporated by reference as if fully restated herein.

29.   Defendants AON, ARS Connecticut, ARS Texas and Defendants A, B, C, D and E owed a duty to OCI to perform as OCI's expert risk management consultant and to professionally provide those services previously discussed.   OCI relied upon Defendants to act  in a professional manner consistent with the standard of due care for an expert risk management consultant.  OCI specifically relied upon Defendants to ensure that OCI did not have any gaps in its coverage, and to procure from OCI any and all information that was necessary to provide to the underwriters to ensure coverage for OCI's risks.

30.   The denial of coverage by the Marine Cargo insurer for reasons previously discussed was the result of a breach by Defendants of its duty of the professional standard of care and conduct.

31.   As the direct and proximate result of the professional negligence of Defendants, OCI has been damaged

7

WHEREFORE: the Plaintiff demands judgment in its favor and against Defendants AON Corporation, ARS Connecticut, ARS Texas, and Defendants A, B, C, D, and E in an amount to be proven at trial, plus interest, attorneys fees and costs.

### Count III
### (Negligent or Wanton Sale, Procurement or Administration of an Insurance Policy)

32.    Each preceding paragraph is incorporated herein by reference as if fully restated herein.

33.    As OCI's insurance broker and expert risk management consultant, Defendants AON, ARS Connecticut, ARS Texas, and Defendants A, B, C, D, and E had a duty to advise, recommend, select, procure, sell, transmit and administer policies of insurance to and for OCI, and had a duty to disclose to OCI all of the details of the coverage selected, procured, and sold to and for OCI.

34.    Defendants had a duty to inform OCI of potential risks of gaps in insurance coverage obtained to cover financial losses associated with the manufacture and shipment of OCI's products. Further, Defendants had a duty to advise OCI of optimal risk minimization measures relative to its risk management portfolio.

35.    Defendants had a duty to inform insurance carriers of those facts relative to OCI's particular insurance needs so that the proper insurance coverage would be maintained to minimize financial risk or losses to OCI.

36.    Defendants' failure to ascertain and disclose these material facts misled OCI and caused OCI to justifiably rely on the misguided "expertise" of Defendants. In addition, Defendants' failure to disclose these material facts to OCI's Marine Cargo carrier caused such carrier to issue a policy providing insufficient coverage that failed to protect, defend and indemnify OCI for the reasons discussed above.

375792v1

37.   Defendants willfully and/or wantonly failed to observe its duties as a risk management expert thereby allowing gaps to exist in OCI's insurance portfolio resulting in economic losses as described above.

WHEREFORE:  the Plaintiff demands judgment in its favor and against Defendants AON Corporation, ARS Connecticut, ARS Texas, and Defendants A, B, C, D, and E for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys fees and costs.

### Count IV
### (Fraudulent Suppression of Material Facts)

38.   Each preceding paragraph is incorporated herein by reference as if fully restated herein.

39.   Defendants AON, ARS Connecticut, ARS Texas, and Defendants A, B, C, D, and E represented to OCI that it was insurance broker and an expert in risk management consultation.   Pursuant to said affirmations which OCI relied upon, Defendants had a duty to advise, recommend, select, procure, sell, transmit and administer policies of insurance to and for OCI, and had a duty to disclose to OCI all of the details of the coverage selected, procured, and sold to and for OCI.

40.   All information regarding OCI's insurance risks, coverage and gaps therein, notice requirements, and recommendations for optimal risk treatment constitute material facts, of which Defendants had knowledge at all relevant times.

41.   Defendants' failure to disclose these material facts misled OCI and caused OCI to justifiably rely on the misguided "expertise" of Defendants.   In addition, Defendants' failure to disclose these material facts to OCI's Marine Cargo carrier caused such carrier to issue a policy providing insufficient coverage that failed to protect, defend and indemnify OCI for the reasons discussed above.

9

42.   As a direct and proximate result of Defendants' fraudulent suppression of these material facts, the Plaintiff has been damaged by the Marine Cargo carrier's denial of coverage for the reasons discussed above.

WHEREFORE:   the Plaintiff demands judgment in its favor and against Defendants AON Corporation, ARS Connecticut, ARS Texas, and Defendants A, B, C, D, and E for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys fees and costs.

Respectfully submitted,

BRIAN AUSTIN OAKES
Attorney for OCI Chemical Corporation, Plaintiff

OF COUNSEL:
WHITE & OAKES, P.C.
PO Box 2538
Decatur, Alabama  35602

SAMUEL HILL
Attorney for OCI Chemical Corporation, Plaintiff

OF COUNSEL:
GARDNER, MIDDLEBROOKS, et al
McAdory Building Ste. 400
2013 1st Avenue North
Birmingham, Alabama  35203

COUNSEL FOR OCI:
DAVID J. FARBER
SHANNON W. CONWAY
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C.  20037
*Petition for Admission*
*Pro Hac Vice filed simultaneously herewith*

10

375792v1

PLAINTIFF DEMANDS TRIAL BY JURY.

_____
BRIAN AUSTIN OAKES

Defendant AON Risk Services Inc. of Connecticut may be served via certified mail at the following address:

CSC LAWYERS INCORPORATING SVC INC
150 S PERRY ST
MONTGOMERY, AL 36104


Defendant AON Risk Services of Texas, Inc. may be served via certified mail at the following address:

CSC LAWYERS INCORPORATING SVC INC
150 S PERRY ST
MONTGOMERY, AL 36104

### CERTIFICATE OF SERVICE

Undersigned counsel has served a copy of the foregoing instrument upon all counsel of record in accordance with the applicable Alabama Rule of Civil Procedure on the date same bears above.

_____
Brian Austin Oakes

11

375792v1

110

# SEE FILE FOR EXHIBITS